United States Courts
Southern District of Texas
**FILED**

MAR 27 2019

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **CRIMINAL NO.** |
| | § | |
| **NAM VU BUI** | § | |
| | § | |

# 19 CR 221

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

At all times material to this Indictment:

1.     The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2.     The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A)     the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3.     The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

> "actual or simulated -
> (i)      sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (ii)     bestiality; [or]
> (iii)    masturbation; [or]
> (iv)     sadistic or masochistic abuse; or

1

(v)      [the] lascivious exhibition of the genitals or pubic area of any person."

4.      The term "computer" is defined, pursuant to Title 18,  United States Code, Sections 2256(6)

and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.      The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18,

United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.      The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section

2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, [and] data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Sexual Exploitation of Children)

From on or about August 6, 2015, through on or about December 2, 2015, within the

Southern District of Texas,

**NAM VU BUI**,

defendant herein, did employ, use, persuade, induce, entice and coerce and attempt to employ, use,

persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any

sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such

visual depiction was transmitted using any means and facility of interstate or foreign commerce, and

2

the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2251(a) & (e).**

## COUNT TWO
**(Sexual Exploitation of Children)**

From on or about February 15, 2009, through on or about March 8, 2009, within the Southern District of Texas,

**NAM VU BUI,**

defendant herein, did employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #2, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2251(a) & (e).**

## COUNT THREE
**(Sexual Exploitation of Children)**

From on or about July 19, 2009, within the Southern District of Texas,

**NAM VU BUI,**

defendant herein, did employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #3, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and

3

the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2251(a) & (e).**

## COUNT FOUR
**(Possession of Child Pornography)**

On or about February 9, 2017, within the Southern District of Texas,

**NAM VU BUI,**

defendant herein, did knowingly possess material that contained images/videos of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, and which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed a Rocketfish/Western Digital hard drive and a HP Pavilion laptop computer containing a Samsung hard drive; which contained still images and videos of child pornography.

**In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

A True Bill:

ORIGINAL SIGNATURE ON FILE

Grand Jury Foreperson

RYAN K. PATRICK
United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney
713-567-9374

4